UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHEN E. JARMON                                                                                          PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:15-cv-00334-CRS-DW

INTUITIVE SURGICAL, INC.                                                                              DEFENDANT

<u>Memorandum Opinion</u>

I.      <u>Introduction</u>

This matter is before the Court on the motion of Defendant Intuitive Surgical, Inc. to dismiss the claims of Plaintiff Stephen E. Jarmon under Federal Rule of Civil Procedure 41(b). Mot. Dismiss 1, ECF No. 37. Magistrate Judge Dave Whalin ordered Jarmon to respond to Intuitive Surgical, Inc.'s motion to dismiss by December 9, 2016. Order 11/16/16, ECF No. 38. Jarmon did not respond. Thereafter, Intuitive Surgical, Inc. filed a renewed motion to dismiss the claims under Rule 41(b). Renewed Mot. Dismiss 1, ECF No. 39. For the reasons discussed below, the Court will grant Intuitive Surgical, Inc.'s renewed motion to dismiss Jarmon's claims. The Court will deny Intuitive Surgical, Inc.'s original motion to dismiss the claims as moot.

II.     <u>Background</u>

On August 22, 2016, Jarmon's former attorney, Howard L. Robinson, moved to withdraw as counsel of record in this matter. Mot. Withdraw 1, ECF No. 34. According to Robinson, Jarmon disagreed with him about "the merits of certain crucial allegations" in the case and that Jarmon had twice hung up on him "using very unpleasant language" during his attempt to speak about the case via telephone. *Id*. ¶¶ 3–4. Robinson additionally affirmed that Jarmon had refused

1

to accept his analysis regarding crucial aspects of the case and the merits of certain allegations, facts, and issues. *Id.* ¶ 4.

The magistrate judge granted Robinson's motion to withdraw as counsel of record. Order 8/24/16, ECF No. 35. The magistrate judge also ordered Jarmon to secure new counsel or to file a notice that he intends to proceed with the case pro se within thirty days. *Id.* On September 7, 2016, the magistrate judge extended Jarmon's deadline to find counsel or to notify the Court of his intentions to proceed pro se to October 14, 2016. Order 9/7/16, ECF No. 36. Jarmon has neither secured new counsel, nor has he filed a notice that he intends to proceed pro se.

III.     Discussion

Intuitive Surgical, Inc. now moves to renew its motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b). Renewed Mot. Dismiss 1, ECF No. 39. Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." A dismissal under Rule 41 usually "operates as an adjudication on the merits." *Id.* District courts use Rule 41(b) "as a tool to affect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

In the sixth circuit, courts consider four factors when deciding whether to dismiss an action under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Each of these factors is not

typically outcome determinative; rather "it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

*Ludwig v. Kentucky Department of Military Affairs*, a case before the United States District Court for the Eastern District of Kentucky, provides one example of a court's decision to dismiss an action pursuant to Rule 41(b) after considering these factors. No. 13-174-GFVT, 2015 U.S. Dist. LEXIS 152042, at *3 (E.D. Ky. Nov. 10, 2015). In *Ludwig*, the plaintiff's attorney moved to withdraw as counsel of record. *Id*. at *1. The attorney explained that the plaintiff "failed to attend a scheduled meeting, failed to respond to subsequent emails and telephone calls, and failed to respond to a letter warning of withdrawal if Plaintiff would not be more responsive." *Id*. The magistrate judge granted the motion to withdraw and ordered the plaintiff to obtain new counsel or to file a notice of intent to proceed pro se within twenty-one days. *Id*. The plaintiff did neither. *Id*. at *2. The magistrate judge thus recommended to the district court that the case be dismissed under Rule 41(b). *Id*.

The district court considered the four Rule 41(b) factors in reviewing the recommendation of the magistrate judge to dismiss the case. *Id*. at *3. The district court determined that the plaintiff no longer intended to participate in the case, that the plaintiff's inaction prejudiced the defendants by subjecting them to continued liability, and that she was given adequate warnings and notice about finding new counsel or notifying the court of her intent to proceed pro se. *Id*. Therefore, the district court adopted the recommendation of the magistrate judge and dismissed the plaintiff's claims with prejudice under Rule 41(b). *Id*.

In this case, the first Rule 41(b) factor, whether the party's failure is due to willfulness, bad faith, or fault, supports dismissal. Jarmon clearly intends to no longer participate in this case.

The magistrate judge has extended the deadline for Jarmon to secure counsel or to file notice of his intention to proceed pro se multiple times. Order 8/24/16, ECF No. 35; Order 9/7/16, ECF No. 36. He has failed to do either. Moreover, Jarmon did not respond to Intuitive Surgical, Inc.'s motion to dismiss, despite the magistrate judge's ordering him to do so. Order 11/16/16, ECF No. 38.

The second Rule 41(b) factor, whether the adversary is prejudiced by the party's conduct, also supports dismissal. As long as this case remains pending, Intuitive Surgical, Inc. is subject to potential liability. Regarding the third and fourth Rule 41(b) factors—whether the dismissed party was warned that failure to cooperate could lead to dismissal and whether less drastic sanctions were imposed or considered—Jarmon was informed several times that he had time to find new counsel or to notify the Court of his intention to proceed pro se. Order 8/24/16, ECF No. 35; Order 9/7/16, ECF No. 36. Jarmon had access to the magistrate judge's orders, at minimum, through the Court's Electronic Filing System. He also participated in a status conference in which the magistrate judge discussed his finding new counsel or notifying the Court of his intention to proceed pro se. *See* Order 9/7/16, ECF No. 36. But Jarmon has not complied with the magistrate judge's orders or responded to Intuitive Surgical, Inc.'s motions to dismiss.

In sum, Jarmon has had multiple opportunities to communicate with the Court or otherwise express his intent to proceed with the case. He has failed to do so. Accordingly, this Court will dismiss his claims under Rule 41(b).

IV.    Conclusion

The Court will grant Intuitive Surgical, Inc.'s renewed motion to dismiss Jarmon's claims. The claims will be dismissed with prejudice. The Court will deny Intuitive Surgical,

Inc.'s original motion to dismiss the claims as moot. An order will be entered in accordance with this memorandum opinion.

March 8, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record
    Plaintiff, Stephen E. Jarmon

5